**Henry Nortrup, Appellee, v. Jacob Cohen, Appellant.**

EVIDENCE—*effect where witness is likewise counsel.* The court is justified in giving less credence to the testimony of a witness who has likewise actively participated in the trial of the cause.

Assumpsit. Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed December 15, 1909.

A. JABCOBSON and C. E. McNEMAR, for appellant; BELLATTI & BARNES, of counsel.

ROBERT TILTON and J. O. PRIEST, for appellee.

PER CURIAM. Henry Nortrup brought suit against Jacob Cohen in the Circuit Court of Morgan county to recover the amount of commissions alleged to have been earned by Nortrup in procuring a purchaser for premises owned by Cohen in Jacksonville, Illinois. A jury was waived and upon trial before the court,

there was a judgment in favor of Nortrup in the sum of $500 from which Cohen has prosecuted an appeal.

It appears from the evidence that Cohen was the owner of property in Jacksonville, Illinois, of which he wished to dispose and that Nortrup, a real estate agent living in the same city, was instrumental in getting Robert H. Bailey, of St. Louis, Missouri, to go to Jacksonville on the 8th day of November, 1907, at which time it was agreed in writing by and between Cohen and Bailey that Cohen should convey to Bailey the Jacksonville property subject to mortgage for $8000, and that, in consideration thereof, Bailey was to convey to Cohen a tract of land in Callaway county, Missouri, on which Cohen was to give Bailey a deed of trust for $8000. By the terms of said written agreement the deeds were to be warranty deeds and each party was to furnish the other an abstract showing merchantable title, and transfer was to be made on or before December 1, 1907.

About the 25th or 26th of November, 1907, an abstract of the Missouri land was tendered to Cohen, and on Monday, December 2nd a deed from Bailey to the Missouri land was tendered to Cohen. Cohen declined to accept the deed tendered by Bailey and refused to consummate the trade between Bailey and himself and soon afterward Cohen traded the Jacksonville property to another party. Appellee thereupon brought suit for commissions with the result already stated.

Practically the only question in the case is one of fact and that is whether or not Nortrup was the agent of Cohen in procuring the making of the contract between Bailey and Cohen. Appellee testified that he had a conversation with Cohen a short time before the contract involved was made and that in such conversation Cohen said to him that if he, appellee, succeeded in making disposition of the Jacksonville property in trade at $20,000 he would pay appellee $500 commission. In this he is corroborated by J. W. Jackson,

who testified that he was present and heard the conversation between Nortrup and Cohen; that no one was present except appellant, appellee and himself, and that in such conversation Cohen agreed to give Nortrup $500 commission if he would make a trade for him disposing of the Jacksonville property. It is true that Cohen denies that he ever employed Nortrup to act for him in the sale of his property and claimed upon the trial that the latter was acting as the agent of Bailey, but we think there was sufficient evidence to warrant the trial court in its holding. Three persons only heard the conversation which concerned appellee's alleged employment and while Cohen denied such employment, the trial court committed no error in adopting the view supported by the testimony of the two other witnesses upon that subject.

Some testimony was offered to the effect that Nortrup said, during the negotiations, that he was acting for or on behalf of Bailey, but this evidence was denied by Nortrup and outside of such alleged statements of Nortrup there was no evidence whatever that even tended to show that Nortrup had any employment whatever from Bailey. A part of the testimony as to what Nortrup said upon this subject was given by one of the attorneys for Cohen, who as such attorney was actively engaged at the time in the defense of Cohen's case and, in a sense, interested in the result of the trial. We have no doubt that in weighing the evidence the trial court took such fact into account and in doing so rightfully gave to the testimony of such witness, who was acting in the dual capacity of both lawyer and witness, less force and weight than it would have been entitled to otherwise. No propositions of law were submitted to the trial court and as there was sufficient evidence to warrant the finding made in favor of the appellee, the judgment will be affirmed.

*Affirmed.*